UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| JERALD LEE QUINN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-1036 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| MATTHEW KENNEDY, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

For the reasons set forth below, I recommend that this action be dismissed with prejudice as a discovery sanction under Fed. R. Civ. P. 37(b).

**Findings of Fact**

This is a civil rights action brought by a *pro se* plaintiff.  Under the court's case management order (docket # 27), plaintiff was required to serve his Rule 26(a)(1) disclosures on defendants on or before April 14, 2008.  The order required that plaintiff disclose the name, address, and area of expertise of his expert witnesses on or before April 14, 2008.  (*Id.*).  Plaintiff did not serve his Rule 26(a)(1) disclosures, and he did not disclose the name, address or area of expertise of any expert witness.

On March 31, 2008, defendants served fifteen interrogatories on plaintiff.  Plaintiff did not answer the interrogatories.  On May 19, 2008, defendants filed a motion under Rule 37 of the Federal Rules of Civil Procedure to "Compel Discovery and Disclosure and/or Sanctions." (docket # 37).  On May 22, 2008 I entered an order notifying plaintiff of the possible dismissal of

his lawsuit because discovery was at a standstill.  (docket # 39).  The order emphasized that plaintiff had numerous outstanding discovery obligations, and expressly notified plaintiff of defendants' motion to compel discovery and disclosure and for sanctions.  Nevertheless, plaintiff elected not to file a response.

On June 24, 2008, I entered an order granting defendants' motion to compel.  The order required plaintiff to answer defendants' interrogatories on or before July 11, 2008, and to file a proof of service with the court.  The order further directed plaintiff to file any brief, affidavit, or other document that he would like the court to consider before the court makes its ruling on the imposition of Rule 37 sanctions.  Finally, the order precluded plaintiff from using at trial or in support of or opposition to any motion any exhibit or witness that plaintiff had failed to disclose, as required by Fed. R. Civ. P. 26(a)(1) and the case management order.  This preclusion order was entered as a sanction under Rule 37(c)(1).

In violation of the order of June 24, 2008, plaintiff has failed to answer defendants' interrogatories, failed to file a proof of service with the court, and failed to submit to the court any brief or other document addressing the question of sanctions.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for a party's failure to obey an order requiring discovery.  Rule 37(b) sanctions are discretionary, and are reviewed by the Court of Appeals under an abuse-of-discretion standard.  *See Freeland v. Amigo*, 103 F.3d 1271, 1276 (6th Cir. 1997).  The strongest sanction available in the court's arsenal for dealing with discovery abuses is the entry of a default judgment against a defendant or an order of dismissal against a plaintiff.  *See Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).  In determining the appropriate sanction, the Sixth Circuit has

directed trial courts to consider four factors (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. 103 F.3d at 1277; *accord Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

All four factors weigh heavily in favor of dismissal with prejudice as a sanction under Rule 37(b). First, plaintiff has repeatedly and willfully violated this court's discovery orders and has failed to provide defendants with any discovery or disclosure. Second, defendants are obviously prejudiced by plaintiff's failure to cooperate in discovery, as plaintiff has completely blocked any inquiry by defendants into the facts supporting plaintiff's claims. Third, plaintiff was twice warned that his failure to cooperate could lead to dismissal in both the order of May 22, 2008, and the order of June 24, 2008. The order of June 24, 2008, expressly states: "In the event that plaintiff fails to comply with this order, I will recommend to Judge Neff that she dismiss plaintiff's lawsuit with prejudice as a Rule 37(b) sanction." (Order, docket # 45, at 3). Plaintiff has nevertheless failed to comply with the discovery order in any fashion. Finally, this court has imposed less drastic sanctions, in the form of a partial preclusion order under Rule 37(c)(1). Despite the imposition of a less drastic sanction, plaintiff continues to ignore his discovery obligations.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for sanctions (docket # 37) be granted and that this case may be dismissed with prejudice as a sanction under Fed. R. Civ. P. 37(b).


Dated:  August 20, 2008                                   /s/  Joseph G. Scoville
                                                          United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).